Filed 5/4/15  P. v. Pitts CA5

<u>NOT TO BE PUBLISHED IN OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F067386 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F12907210) |
| MICHAEL LEE PITTS, | **OPINION** |
| Defendant and Appellant. | |

<u>THE COURT</u>*

APPEAL from a judgment of the Superior Court of Fresno County.  Denise Lee Whitehead, Judge.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Ryan B. McCarroll, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Gomes, Acting P.J., Poochigian, J., and Detjen, J.

A jury convicted Michael Lee Pitts of assault with a firearm (count 2/Pen. Code, § 245, subd. (a)(2)),[1] possession of a firearm by a felon (count 3/§ 29800, subd. (a)(1)), and possession of ammunition by a felon (count 4/§ 30305, subd. (a)) and it found true a personal use of a firearm enhancement in count 2 (§ 12022.5, subd. (a)).  In a separate proceeding Pitts admitted a serious felony enhancement (§ 667, subd. (a)(1)), two prior prison term enhancements (§ 667.5 subd. (b)), and allegations that he had a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

On May 31, 2013, the court sentenced Pitts to an aggregate prison term of 18 years.

Pitts contends the evidence is insufficient to sustain his conviction for assault with a firearm.  We affirm.

<u>**FACTS**</u>

On August 24, 2012, at approximately 8:00 a.m., at a school bus stop in Fresno, Sara Solis and Herlinda Gonzales argued with Pitts's sister over children cutting in line. The argument continued as the trio walked back toward Solis's apartment and culminated when Solis's puppy snapped at Pitts's sister.

Later that morning, Pitts was accompanied by his sister and another woman when he showed up at Solis's apartment and began arguing with Solis and Gonzales.  Pitts told them they had disrespected his sister and demanded an apology.  The commotion woke Solis's boyfriend, Francisco Rodriguez, who told her to get everyone out of there.  Solis and Gonzales walked outside and around the apartment to Solis's backyard followed by Pitts and the two women.  They continued to argue and Gonzales eventually apologized to Pitts's sister.  Rodriguez then came out of the apartment through a sliding door that led to the back patio, grabbed a shovel, and told Pitts's group to leave.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

As Rodriguez, Solis, and Gonzales were walking into the apartment through the sliding door, Pitts told Solis to apologize and she replied that she did not do anything. Solis was standing in the doorway with Rodriguez behind her when Pitts pulled out a handgun and pointed it directly at her while yelling that they had disrespected him and were going to pay. However, he did not fire the gun. Pitts's sister and the unidentified woman then told Pitts, "No, no," pushed him back, and all three of them left.

At approximately 6:00 p.m., while Solis, Rodriguez, Gonzales and Rachel Aguirre were sitting at a table in front of Solis's apartment, Pitts returned with Donnell Thompson and another man. After a brief verbal exchange, Pitts and Thompson ran towards Rodriguez and he ran inside the apartment through the patio door. Pitts pulled out a gun and pointed it at the patio door. Solis, Rodriguez and Gonzales each testified that at that point they heard a noise. The noise sounded hollow to Solis. To Rodriguez it sounded like a shot from a .22-caliber gun. Gonzales heard a pop. Solis called 911 as Pitts and the other two men fled.

When officers arrived on the scene a few minutes later, Pitts and Thompson were in a crowd nearby. Both men ran away in different directions but were arrested a short time later. Officers later found a .22-caliber revolver in a trash can located along the path that Pitts fled. The revolver contained its maximum capacity of nine bullets in its cylinder and a spent round lodged in its barrel. Detective Michael Cross testified that bullets can get lodged in the barrel of a gun for a variety of reasons including if they are of poor quality or old, if they have gotten wet, or if the barrel of the gun has not been properly cleaned. However, the spent round could have gotten lodged in the barrel only if it had been fired at some point.

## DISCUSSION

"'On appeal we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is

3

reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] The standard of review is the same in cases in which the People rely mainly on circumstantial evidence. [Citation.] "Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt. '"If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment."' [Citations.]" [Citation.]' [Citations.] The conviction shall stand 'unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]."' [Citation.]" (*People v. Cravens* (2012) 53 Cal.4th 500, 507-508 (*Cravens*).)

"In deciding the sufficiency of the evidence, a reviewing court resolves neither credibility issues nor evidentiary conflicts." (*People v. Young* (2005) 34 Cal.4th 1149, 1181 (*Young*).) Rather, it is the exclusive province of the jury to determine the credibility of a witness or how much weight to give to their testimony. (*People v. Barnes* (1986) 42 Cal.3d 284, 303 (*Barnes*).) Therefore, if the verdict is supported by evidence that is "reasonable in nature, credible, and of solid value" then we must defer to the trier of fact and not substitute our own evaluation of the merits, credibility, or weight of their testimony. (*Barnes*, *supra*, at pp. 303-304.) We presume in support of the judgment the existence of every fact the trier of fact could have reasonably deduced from the evidence. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) "Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction." (*Young*, *supra*, at p. 1181.)

4

Solis and Gonzales each testified that during the morning incident Pitts pointed a gun at Solis. Pitts has not cited anything in the record that shows that their testimonies were physically impossible or inherently improbable. Thus, their testimonies, individually or collectively, were sufficient to sustain Pitts's assault with a firearm conviction.

Pitts concedes that the testimony that he assaulted Solis with a firearm during the first incident was not inherently improbable. Nevertheless, he contends that the assault was not proven by evidence that was solid enough to meet federal due process standards because of the "vagaries" in the trial testimony and the uniform reporting by eyewitnesses of gunshots that the evidence disclosed could not have been fired by Pitts's gun.

As noted above, the "vagaries" and conflicts in the evidence were for the jury to resolve. Further, even if it was inherently improbable that during the second incident Solis and Rodriguez heard a sound when Pitts pointed a gun at Rodriguez through the patio door, reversal would not be required because a trier of fact is permitted to credit some portions of a witness's testimony, and not credit others. (*People v. Williams* (1992) 4 Cal.4th 354, 364.) Accordingly, we reject Pitts's sufficiency of the evidence claim.

## DISPOSITION

The judgment is affirmed.